DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Andrea L. Heffenfelder, has appealed from the decision of the Elyria Municipal Court, which found Appellant guilty of violating R.C. 4511.34. We affirm.
 I. {¶ 2} On June 22, 2003, Appellant was driving her motor vehicle southbound on State Route 83 in Eaton Township. Trooper Cottom of the Ohio State Highway Patrol stopped Appellant and cited her for following the motor vehicle in front of her too closely, in violation of R.C. 4511.34.
 {¶ 3} Appellant entered a plea of not guilty on October 31, 2003, and the matter proceeded to a hearing before a magistrate. Following the hearing, the magistrate recommended a finding that Appellant was guilty of violating R.C. 4511.34. Appellant filed objections to the magistrate's decision.
 {¶ 4} The trial court overruled Appellant's objections and adopted the decision of the magistrate. After noting that the parties disagreed about the distance separating the two cars, the trial court concluded that "the evidence supports a finding that [Appellant] was traveling more closely than reasonable and prudent at 54 mph at one (1) to one and a half (1.5) car lengths behind the vehicle in front of [Appellant]."
 {¶ 5} Appellant timely appealed, raising one assignment of error. Appellee has not filed a brief.
 II. Assignment of Error
"Appellant's conviction for traveling too close was incorrect due to the difference in definition of the statement" car lengths[."]
 {¶ 6} In her sole assignment of error, Appellant argues that the trial court erred by applying an excessively cautious construction of the "more closely than is reasonable and prudent" safety standard delineated by R.C. 4511.34. We disagree.
 {¶ 7} Appellant's arguments hinge upon her own estimation that she was driving, at the very least, one and one half car lengths behind the vehicle ahead of her. This estimation contradicts the trial court's conclusion that the evidence supported a finding that the distance between the two vehicles was only one to one and a half car lengths.
 {¶ 8} Appellant has raised a challenge to the trial court's findings regarding a fact central to this case: the distance between the two cars. However, Appellant has failed to provide this court with the relevant portions of the record, in the form of either an official transcript of the hearing held before the magistrate or an App.R. 9(C) statement. Because the record before us does not contain the materials necessary for resolution of the assignment of error, we must presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards (1980),61 Ohio St.2d 197, 199.
 {¶ 9} Appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., concur.